John D. Denkenberger (*pro hac vice*)
John Whitaker (*pro hac vice*)
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA 98101
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com, john.whitaker@cojk.com, litdoc@cojk.com

F. Christopher Austin (NV Bar No. 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Telephone: 702.382.4804
Fax: 702.382.4805
Email: caustin@weidemiller.com

Attorneys for Defendants Hydroblok Grand International Ltd., Hydroblok Grand International Inc., and Hydro-Blok USA LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WEDI CORP., <br><br>  Plaintiff, <br><br> v. <br><br> HYDROBLOK GRAND INTERNATIONAL LTD., HYDROBLOK GRAND INTERNATIONAL INC., and HYDRO-BLOK USA LLC, <br><br>  Defendants. | No. 2:22-cv-00457-CDS-BNW <br><br> **DEFENDANTS' MOTION TO TRANSFER PURSUANT TO FRCP 12(b)(3) and 28 U.S.C § 1406** |

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 1

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, Defendants Hydro-Blok USA, LLC ("Hydro-Blok USA"), Hydroblok Grand International Ltd. ("HGIL"), and Hydroblok Grand International Inc. ("HGII") (all three collectively, the "Hydroblok Entities" or "Defendants") hereby move this Court for an order transferring this matter to the United States District Court for the Western District of Washington for improper venue and to further the interests of justice. As explained herein and elsewhere in Defendants' Motion for Sanctions Pursuant to FRCP 11(c)(2) (Dkt. No. 27 ("Sanctions Motion")), this matter is merely Plaintiff wedi Corp.'s ("wedi" or "Plaintiff") latest attempt to relitigate facts and claims already voluntarily dismissed with prejudice from the Western District of Washington. (*See id.* at 1, 9-11.)

Further, to the extent this case presents issues or claims not barred by wedi's previous dismissal—and Defendants continue to maintain that there are none—the Western District of Washington is uniquely and best positioned to make that determination: it alone can readily assess wedi's theories against what was raised and pursued during the ***six-and-a-half-year-long*** procedural history of the previous case, comprised of no less than 375 docket entries, an appeal that remanded the matter for limited proceedings, and a related arbitration that occurred during the pendency of the previous case. The First-to-File Doctrine, coupled with the statutory authority bestowed to the Court through 28 U.S.C. § 1406, empowers this Court to transfer this case to where it should have been brought (if at all) in the first instance—the Western District of Washington.

Defendants had hoped to avoid the need to further burden the Court with this matter, but wedi's continued litigation misconduct leaves Defendants with no choice. wedi refuses to withdraw its complaint despite being provided with an adequate notice to cure period pursuant to Fed. R. Civ. P. 11(c), and it did not opt to transfer this matter to the Western District of Washington

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

in exchange for a 21-day extension of time by which to respond to Defendants' Rule 11 motion. Because a responsive paper is now due, Defendants submit this abbreviated motion to transfer for improper venue to simultaneously honor mandatory deadlines while minimizing fees and costs during the pendency of a frivolous action.

## II. RELEVANT FACTUAL BACKGROUND

As noted above, Defendants do not wish to unnecessarily burden the Court or incur otherwise avoidable fees and costs during the pendency of Defendants' Rule 11 motion, and the pertinent facts supporting this Motion are the same as those supporting Defendants' Rule 11 Motion. (*See* Sanctions Motion at 1-7 ("FACTUAL AND PROCEDURAL BACKGROUND").) To the extent permitted by Local Rule and Court practice, Defendants adopt and incorporate by reference those facts herein. To the extent incorporation by reference is not permitted or otherwise disfavored, and for the Court's convenience: Defendants believe the following facts are most pertinent:

- wedi and the Hydroblok Entities (and/or the Hydroblok Entities' predecessors-in-interest and affiliates) have had an ongoing dispute since at least late 2014 (*id.* at 2-7 and accompanying citations).

- The ongoing dispute, prior to the commencement of this lawsuit, were comprised of multiple district court cases filed by wedi, a related arbitration resulting in a 10-day hearing and findings confirmed by a district court, a second arbitration abandoned shortly after its commencement, and multiple appeals before the U.S. Court of Appeals for the Federal Circuit (*see id.* and accompanying citations).

- Those proceedings were all premised on the same or substantially similar set of facts, involving the same or substantially the same parties, raising the same or

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

substantially the same claims, as adjudged by both the U.S. District Court of the Northern District of Illinois (transferring pending matter to the U.S. District Court for the Western District of Washington) as well as by the U.S. District Court for the Western District of Washington (granting summary judgment on all claims against wedi on grounds of claim and/or issue preclusion) (*see id.* at 2-4 and accompanying citations).

- The first, longest-pending, and most recently concluded of all legal proceedings initiated by wedi took place before the U.S. District Court for the Western District of Washington (*see id.* at 2-7). That case spanned six-and-a-half years and was comprised of 375 docket entries. (*See wedi Corp. v. Wright et al.*, No. 2:15-cv-00671-TSZ (W.D. Wash. Apr. 29, 2015. ("the '671 Case").)

- The false advertising claims that wedi raises in this dispute are the same claims against the same defendants (and/or their successors-in-interest) as those in the '671 case (*see* Sanctions Motion at 9-11 and accompanying citations)

### III.   LEGAL STANDARDS

Rule 12 allows a defendant to assert the defense of improper venue by motion. Fed. R. Civ. P. 12(b)(3). Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or be it in the interest of justice, transfer such case to any district or division in which it could have been brought."

In the context of a motion to dismiss or transfer, this Court recently explained and relied upon the First-to-File Doctrine to grant movant's requested relief in the matter of *Jhangmen Kinwai Furniture Decoration Co. Ltd. v. International Market Centers, Inc.*, No. 2:15-CV-1419

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

JCM (PAL), 2016 WL 697112 (D. Nev. Feb. 18, 2016). There, the Court explained the doctrine as follows:

> The 'first-to-file' rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of Calif. V. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979)); *see also Olin Corp. v. Cont'l Cas. Co.*, 2011 WL 1337407, *2 (D. Nv. April 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of duplication, to avoid rulings which may reach upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").
>
> Generally, sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the lawsuit and a second action would not serve any purpose. *Id.* However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied but rather is to be applied with a view to the dictates of sound judicial administration. *Id.* The purpose of the rule is to promote efficiency and to avoid duplicative litigation, and, thus, it should not be lightly disregarded. *Alltrade, Inc. v. Uniweld Prod. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).
>
> When applying the first-to-file rule, courts look to three threshold factors: "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Global Experience Specialists, Inc. v. Cunniffe*, 2:14-cv-00421-JCM-NJK, 2014 WL 3748931, *4 (D. Nev. July 30, 2014) (quoting *Nesbit v. Fornaro*, 2011 WL 1869917, *2 (D. Nev. March 31, 2011)). "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Id.* (quoting *Nesbit*, 2011 WL 1869917, at *3). Likewise, the sameness requirement does not mandate that the two actions be identical; it is satisfied if they are sufficiently similar. *Id.*

*Jhangmen Kinwai Furniture Decoration Co. Ltd. v. International Market Centers, Inc.*, No. 2:15-CV-1419 JCM (PAL), 2016 WL 697112, at *2 (D. Nev. Feb. 18, 2016).

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## IV. ARGUMENT

The reasons supporting Defendants' request to transfer this matter are not complicated and require little explanation. This Court has explicit authority under the first-to-file rule to decline jurisdiction over any matter where the interests of justice require adjudication in a different venue. *Id.* This Court has also previously recognized that the interests of justice compel such a transfer where the chronology of events involves (1) an earlier filed litigation from another venue; (2) a sufficient similarity of parties involved in both disputes; and (3) a sufficient similarity of issues raised in both disputes (collectively, "the *Nesbit* factors"). *Id.* Here, there can be no reasonable dispute that each of the *Nesbit* factors is satisfied when comparing this action with the '671 Case, and the interests of justice therefore compel a transfer of this matter to the U.S. District Court for the Western District of Washington.

Regarding the first *Nesbit* factor, it is a verifiable and immutable fact that the '671 Case is an earlier filed litigation from another venue. *Compare* Complaint, Dkt. No. 1 (filing date of March 14, 2022) *with* '671 Case Complaint, Dkt. No. 1 (filing date of April 29, 2015).

Regarding the second factor, it is also a verifiable and immutable fact that the '671 Case and this matter involve the same plaintiff—wedi Corp.—and at least one identical defendant—Hydro-Blok USA LLC. *Id.* And as explained in Defendants' Rule 11 Motion, the remaining Hydroblok Entities in this action are in privity with, and are successors-in-interest of, '671 Case Defendant Hydroblok International Ltd. (Sanctions Motion at 9.) The first-to-file rule also "does not require strict identity of the parties," so the second *Nesbit* factor supporting transfer is satisfied. *Nesbit v. Fornaro*, No. 2:11-CV-00092-PMP, 2011 WL 1869917, at *3 (D. Nev. Mar. 31, 2011).

Regarding the third *Nesbit* factor, even if the claims raised in this action and the '671 are not identical—and they in fact are (*see* Sanctions Motion at 3-4 and accompanying citations)—

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

they are certainly sufficiently similar under *Nesbit* and its progeny to compel a transfer to the U.S. District Court for the Western District of Washington.  Whether or not the Defendants' representations regarding ICC-ES certification of their products are actionable under state or federal law was precisely the issue considered and dismissed by the Western District of Washington. (*Id.* at 10-11 and accompanying citations.)  To the extent wedi has anything left to litigate against the Hydroblok Entities (and there is nothing), the interests of justice require wedi to pursue that in its original choice of forum—the Western District of Washington.

V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court transfer this matter pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 to the Western District of Washington.  To the extent any other currently pending or future motions remain pending upon the granting of this motion, Defendants' respectfully request that the Court dismiss those motions without prejudice to expedite transfer of this matter.

Dated this 1st day of July, 2022.

/s/John D. Denkenberger
John D. Denkenberger (*pro hac vice*)
John Whitaker (*pro hac vice*)
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com, john.whitaker@cojk.com, litdoc@cojk.com

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 7

F. Christopher Austin (NV Bar No. 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Telephone: 702.382.4804
Fax: 702.382.4805
Email: caustin@weidemiller.com

*Attorneys for Defendants Hydroblok Grand International Ltd., Hydroblok Grand International Inc., and Hydro-Blok USA LLC*

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel J. Becka
Law Offices of Daniel J. Becka, LLC
Email: dan@dbeckalaw.com

Justin C. Canter
Gaido & Fintzen
Email: jkanter@gaido-fintzen.com

Nicole E. Lovelock
Jones Lovelock
Email: nlovelock@joneslovelock.com

Kimberley Arin Hyson
Jones Lovelock
Email: khyson@joneslovelock.com

Attorneys for Plaintiff wedi Corp.

/s/John D. Denkenberger
John D. Denkenberger (*pro hac vice*)
John Whitaker (*pro hac vice*)
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

F. Christopher Austin (NV Bar No. 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Telephone: 702.382.4804
Fax: 702.382.4805
Email: caustin@weidemiller.com

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Attorneys for Defendants Hydroblok Grand International Ltd., Hydroblok Grand International Inc., and Hydro-Blok USA LLC*

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
(2:22-cv-00457-CDS-BNW) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100